**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| SARDOR AKHMEDOV, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )    Case No. CIV-26-1240-J |
| | ) |
| FRED FIGUEROA,[1] et al., | ) |
| | ) |
| Respondents. | ) |

## REPORT AND RECOMMENDATION

Petitioner Sardor Akhmedov,[2] a noncitizen[3] and Uzbekistani national proceeding

with counsel, filed a Petition for Writ of Habeas Corpus ("Petition"), Doc. 1, challenging

under 28 U.S.C. § 2241 his detention by U.S. Immigration and Customs Enforcement

("ICE"). United States District Judge Bernard M. Jones, II referred this matter to the

undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). Doc. 3.

---

[1] David Venturella was announced as Acting Director of U.S. Immigration and Customs Enforcement on June 1, 2026. He replaces Todd Lyons and is substituted as the proper respondent pursuant to Federal Rule of Civil Procedure 25(d).

[2] Some of Petitioner's immigration paperwork spells his last name as "Akhmedou." *E.g.*, Doc. 1-3 at 2 (Notice to Appear). This appears to be a transcription error. While the spellings of his name vary slightly, Petitioner's A-Number is identical in documents he prepared and those ICE prepared. *Compare, e.g.*, Doc. 1-5 at 3 (Petitioner's Form I-589) (listing Petitioner's name as "Sardor Akhmedov" and his A-Number as 249102442), *with, e.g.*, Doc. 1-3 at 2 (listing Petitioner's name as "Sardor Bakhodir Ugli Akhmedou" and his A-Number as A249 102 442). Nor do the parties dispute that the records provided to the Court are Petitioner's. Accordingly, the undersigned finds Petitioner is the person identified as Sardor Bakhodir Ugli Akhmedou in the Notice to Appear, Doc. 1-3 at 2, and Order of Release on Recognizance, Doc. 1-4 at 2, included as exhibits to the Petition.

[3] Unless quoting, this Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

The undersigned set an expedited briefing schedule, Doc. 7, and the Petition is at issue. For the reasons set forth below, the undersigned recommends that the Court grant the Petition, Doc. 1, in part and order Respondents to provide Petitioner a bond hearing pursuant to 8 U.S.C. § 1226(a) within five business days or otherwise to release him if there is no hearing within that time.

## I.    Background

Petitioner, a citizen of Uzbekistan, entered the United States on June 8, 2023, without inspection. Pet. at 1, 4; Doc. 1-3 at 2. The next day, ICE placed him into removal proceedings before the Immigration Court pursuant to 8 U.S.C. § 1229a through the issuance of a Notice to Appear, and charged him with being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) as someone who entered the United States without inspection. Pet. at 1-2; Doc. 1-3 at 2. ICE then released Petitioner on his own recognizance, and he has been living in the United States ever since. Pet. at 1-2, 4; Doc. 1-4 at 2.

On April 1, 2024, Petitioner filed an Application for Asylum and for Withholding of Removal. Pet. at 5; Doc. 1-5 at 3-11. That Application remains pending before the Immigration Court. Pet. at 5; EOIR, Automated Case Information, *at* https://acis.eoir.justice.gov/en/ (last accessed July 29, 2026).

On May 13, 2026, Petitioner was pulled over while working as a commercial truck driver. Pet. at 5. The officer directed him to a weigh station, at which Petitioner's truck was weighed and his log records were inspected. *Id.* ICE arrested Petitioner while he was at the weigh station. *Id.* at 2, 5.

Respondents contend Petitioner is detained pursuant to 8 U.S.C. § 1225(b)(2)(A). Resp. at 1.  It is not clear whether Petitioner has requested a bond hearing.  *See* Pet. at 12 ("Petitioner has effectively been told that no custody hearing mechanism is available to him at all based solely on the government's classification of his case." (citation modified)). Such a request, though, would likely be futile because all Immigration Judges ("IJs") are subject to the binding precedent of *Matter of Yajure Hurtado*, 29 I & N Dec. 216 (BIA 2025), which holds those noncitizens who entered the country without admission or parole are ineligible for a bond hearing.

When Petitioner filed his Petition, he was detained at Diamondback Correctional Facility in Watonga, Oklahoma.  Pet. at 3, 6.  He remains detained there.  *See* ICE Online Detainee Locator System, *at* https://locator.ice.gov/odls/#/results (last visited July 29, 2026).

## II.    <u>Petitioner's Claims</u>

Petitioner asserts seven counts in his Petition.

- **Count I: Violation of the Immigration and Nationality Act ("INA").**    Petitioner alleges his continued detention under § 1225(b)(2) is unlawful and violates the INA because that provision does not apply to noncitizens, like him, who are detained within the interior of the United States.  Pet. at 6-7.

- **Count II: Violation of the Administrative Procedure Act ("APA")**.    Petitioner alleges ICE's conduct in construing his detention under § 1225(b)(2) rather than § 1226(a) is arbitrary and capricious, in violation of the APA.  Pet. at 7-10.

- **Count III: Re-Detention in Violation of the Due Process Clause**. Petitioner alleges his re-detention without changed circumstances after he was previously released on recognizance violates his due process rights.  *Id.* at 10.

3

- **Count IV: Detention Without a Bond Hearing in Violation of the Due Process Clause**.[4] Petitioner alleges his continuing detention without a bond hearing violates his procedural and substantive due process rights. *Id.* at 10.

- **Count V: Prolonged Detention in Violation of the Due Process Clause**. Petitioner alleges his continued, indefinite detention without an individualized bond hearing violates his due process rights. *Id.* at 10-11.

- **Count VI: Detention Without a Bond Hearing in Violation of the Due Process Clause**. Petitioner alleges his continuing detention without a bond hearing violates his procedural due process rights. *Id.* at 11-12.

- **Count VII: Detention Without Individualized Justification in Violation of the Due Process Clause**. Petitioner alleges his continuing detention without individualized justification violates his substantive due process rights. *Id.* at 12-13.

He asks the Court to "[o]rder Respondents to immediately release Petitioner on his own recognizance or under appropriate conditions of supervision or, in the alternative, order Respondents to provide Petitioner with a timely individualized bond hearing before a neutral immigration judge . . . at which the government bears the burden of justifying continued detention." Pet. at 13. In addition, Petitioner requests an injunction prohibiting Respondents from re-detaining him unless he violates the conditions of his release, and he seeks an award of attorney fees and costs under the Equal Access to Justice Act ("EAJA").[5] *Id*. at 13-14.

---

[4] Counts IV-VII substantially restate the same claim.

[5] To the extent Petitioner may be entitled to EAJA fees and costs as a prevailing party, he must seek those separately after a final judgment. 28 U.S.C. § 2412(d)(1)(B). Thus, the Court need not address this request at this juncture.

### III.   Standard of Review

To obtain habeas corpus relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States."   28 U.S.C. § 2241(c)(3).  "Challenges to immigration detention are properly brought directly through habeas."  *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

### IV.   Analysis

#### A.   Section 1226(a) applies to Petitioner's detention.

The two sections of the INA at issue that govern detention of noncitizens pending removal proceedings are 8 U.S.C. §§ 1225 and 1226.  Section 1225(a)(1) describes an "applicant for admission" as "an alien present in the United States who has not been admitted or who arrives in the United States."  *Id.* § 1225(a)(1) (citation modified).  Under § 1225(b)(2)(A), "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained."  If Petitioner is detained under § 1225(b)(2)(A), he is not entitled to a bond hearing.  On the other hand, Section 1226(a) more generally authorizes detention of a noncitizen pending removal proceedings and entitles the noncitizen to a bond hearing.  *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1))).

Petitioner alleges his continued detention under § 1225(b)(2) is unlawful and violates the INA.  Pet. at 6-7.  He further alleges § 1226(a) governs the detention of

5

noncitizens, like him, who were "arrested inside the United States while in removal proceedings" and were not "applicants for admission at the border." Pet. at 6. Respondents maintain Petitioner is properly detained under § 1225(b)(2)(A). Resp. at 1-2.

The Tenth Circuit recently rejected the statutory interpretation of § 1225(b)(2) as urged by Respondents and applied § 1226(a) to govern detention of noncitizens like Petitioner. *Santillan Quiroz v. Mullin*, --- F.4th ---, No. 26-6019, 2026 WL 1876709, at *4-17 (10th Cir. June 30, 2026). In *Santillan Quiroz*, the Tenth Circuit concluded "those who entered the United States without admission and who have lived here since are categorically unable to seek admission while they remain in the country." *Id.* at *7 (citation modified). Accordingly, "noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)." *Id.* at *5. Therefore, based on Tenth Circuit precedent and this Court's prior reasoning in *Coreas v. Noem*, No. CIV-26-151-J, 2026 WL 541151, at *2 (W.D. Okla. Feb. 26, 2026), the undersigned recommends the Court apply § 1226(a) to govern Petitioner's current detention. *See Imami v. Lyons*, No. CIV-26-566-J, 2026 WL 1896142, at *1-2 (W.D. Okla. July 1, 2026) (holding in accordance with *Santillan Quiroz* that a similarly situated petitioner is entitled to a bond hearing under § 1226(a)).[6]

---

[6] This conclusion is also in accord with persuasive authority in the Second, Sixth, and Eleventh Circuits, which rejected Respondents' statutory interpretation of § 1225(b)(2). *See Lopez-Campos v. Raycraft*, 175 F.4th 713, 722 (6th Cir. 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258, 1285 (11th Cir. 2026); *Cunha v. Freden*, 175 F.4th 61, 69 (2d Cir. 2026). In contrast, the Fifth and Eighth Circuits recently applied § 1225 to similar habeas challenges, agreeing with Respondents' position. *Avila v. Bondi*, 170 F.4th 1128, 1134-38 (8th Cir. 2026); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498,

### B.    The proper remedy is a bond hearing.

Petitioner seeks immediate release from custody or, alternatively, asks that the Court "order Respondents to provide [him] with a timely individualized bond hearing before a neutral immigration judge . . . at which the government bears the burden of justifying continued detention."  Pet. at 13.  The undersigned concludes a bond hearing is the proper remedy for a noncitizen detained under § 1226(a).  *See Santillan Quiroz,* 2026 WL 1876709 at *17 n.13; *see also Imami*, 2026 WL 1896142, at *2 (concluding "the appropriate remedy" is for "Respondents to provide Petitioner a bond hearing pursuant to 8 U.S.C. § 1226(a)"); *Singh v. Grant*, No. CIV-26-279-J, 2026 WL 1035100, at *1-2 (W.D. Okla. Apr. 16, 2026) (concluding burden shifting to the government in a § 1226(a) bond hearing is premature and not ripe for adjudication before a bond hearing has been conducted).  Therefore, the Court should grant the Petition in part and order Respondents to provide Petitioner with a bond hearing under § 1226(a) before a neutral IJ within five business days or otherwise release him if he does not have a lawful bond hearing within that period.[7]

### C.    The Court should decline to address Petitioner's remaining claims.

Petitioner also argues his continued detention without a bond hearing violates the APA and his rights to due process.  Pet. at 7-13.  If the Court grants Petitioner a bond

---

502-08 (5th Cir. 2026).  Respondents have filed a cert petition to the Supreme Court.  *See* Cert. Pet., *Raycraft v. Lopez-Campos*, No. 25-1415 (filed June 22, 2026).

[7] While Judges in this District have ordered release for noncitizens whose earlier release was improperly revoked, Petitioner has not alleged or provided evidence that the circumstances of his detention entitle him to release rather than a bond hearing.  *See Singh*

hearing under § 1226(a), the undersigned recommends the Court decline to decide the merits of his remaining claims based on his continued detention. *See, e.g.*, *Coreas*, 2026 WL 541151, at *2 (declining to decide the merits of a petitioner's due process claim when granting a bond hearing pursuant to § 1226(a)).

## V.    Recommendation and Notice of Right to Object

For the foregoing reasons, the undersigned recommends that the Court **GRANT in part** the Petition for habeas relief by ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days or otherwise release Petitioner if he has not received a lawful bond hearing within that period.

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636.  Any objection must be filed not later than **August 5, 2026**. *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

---

*v. Mullin*, No. CIV-26-471-SLP, 2026 WL 1255801, at *2 (W.D. Okla. May 7, 2026) (ordering a bond hearing but not release because petitioner had not provided the Court with sufficient evidence to establish entitlement to release); *accord Singh v. Grant*, No. CIV-26-289-R, 2026 WL 1483557, at *1 (W.D. Okla. May 27, 2026) (ordering release where ICE improperly revoked petitioner's prior bond ordered by an immigration judge); *Ewere v. Cerna*, No. CIV-26-320-SLP, 2026 WL 1207088, at *2 (W.D. Okla. May 4, 2026) (ordering release where ICE improperly revoked petitioner's prior humanitarian parole); *Skutar v. Mullin*, CIV-26-0036-HE, Doc. 15, at 2-3 (W.D. Okla. Apr. 24, 2026) (ordering petitioner's release where no changed circumstances existed from when an immigration judge previously ordered bond).

**ENTERED** this 29th day of July, 2026.

CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE